George L. Cobb, J.
Petitioner, a law publisher and printer, brings this article 78 proceeding against respondents, James M. Flavin,. State Reporter of the State of New York, and Honorable Stanley H. Fuld, Chief Judge of the Court of Appeals of the State of New York, seeking a judgment (1) annulling the determination of respondent Flavin that the public interest requires annulment of the contract dated November 27, 1970 between petitioner and respondent Flavin; (2) directing that respondent Flavin rescind the written annulment of contract dated December 7, 1970; and (3) directing that respondent Flavin proceed to comply with and accept compliance with the contract with petitioner dated November 27, 1970. It is alleged in the petition that Chief Judge Fuld is made a party to this proceeding by virtue of his administrative action in approving in writing the aforesaid contract and annulment.
This proceeding stems from the awarding to the petitioner by respondent Flavin on November 27, 1970 of a contract for the publication and printing of the Court of Appeals reports, the Appellate Division reports, the Miscellaneous reports, and the Combined Official Series, together with the weekly advance Sheets thereof, for a five-year period commencing January 1, 1971. It appears that respondent Flavin, acting under the *495 authority vested in him by section 434 of the Judiciary Law, advertised for sealed proposals for the printing and publication of the aforesaid law reports for a five-year period commencing January 1, 1971; that two proposals were received, one from the petitioner, and the other from Williams Press, Inc.; that respondent Flavin accepted the proposal of the petitioner and on November 27, 1970 entered into a written contract with the petitioner which had indorsed thereon the written approval of Chief Judge Fui» (Judiciary Law, § 434, subd. 9).
It further appears that after the contract was entered into respondent Flavin, acting pursuant to subdivision 12 of section 434 of the Judiciary Law, made a determination that in his judgment the public interest required an annulment of petitioner’s contract, and on December 7, 1970 signed a written instrument, approved by Chief Judge Fui», annulling the petitioner’s contract.
The written annulment of petitioner’s contract reads, in pertinent part, as follows:
“ whereas, under circumstances which have arisen, the continuous, timely and accurate publication and delivery of the Official Reports as required by article 14 of the Judiciary Law will be seriously jeopardized even to the extent of being prevented, if said contract executed by and with The Lawyers Co-Operative Publishing Company is not annulled;
“ how, therefore, I, James M. Flavin, State Reporter, determine that in my judgment the public interest requires that the contract executed November 27, 1970 between James M. Flavin, State Reporter, and The Lawyers Co-operative Publishing Company should be annulled from the date hereof and I do hereby annul said contract from the date hereof.”
The “ circumstances ” referred to in the written annulment appear to have come about as a result of the position asserted by Williams Press, Inc., the unsuccessful bidder on the new contract and the holder of the printing contract which was to expire on December 31, 1970. Following the award of the contract to the petitioner, Williams Press, Inc. advised respondent Flavin of its contention that the petitioner’s contract was invalid in that it violated section 434 of the Judiciary Law in certain respects. Based on this contention, Williams Press, Inc. took the position that it would not recognize petitioner’s contract and that it was not obligated, under its contract with respondent Flavin, to deliver to the petitioner without compensation certain subscriber lists or to deliver tp the petitioner certain bound volumes and other material in type. Furthermore, Williams *496 Press, Inc. stated that it would institute litigation to determine the validity of petitioner’s contract and the rights of Williams Press, Inc. under its contract with respondent Flavin. At this point it should he noted that the contentions and claims of Williams Press, Inc. are now the subject of an article 78 proceeding against respondent Flavin and the petitioner herein which is pending before this court.
Confronted with the foregoing circumstances, the respondents’ course of action and the reasons therefor are set forth in paragraphs “ 13 ” and “ 14 ” of their answer, which allege that:
“13. While respondents believed that the said agreement between respondent Flavin and petitioner was valid in all respects, they were concerned about the claims of invalidity of said agreement made by Williams Press, Inc. * * * about the effectuation under the circumstances of the contract for the publication of said reports by petitioner, and about the injurious effects upon the publication of the Official State ¡Reports of the disputation and litigation respecting the validity of the agreement between respondent Flavin and petitioner and the rights and obligations of Williams Press.
‘ ‘ 14. ¡Respondent Flavin determined, and respondent Fuld concurred, with time being of the essence, that in the interest of the continuous, timely and accurate publication of the Official State ¡Reports, the said agreement between respondent Flavin and petitioner should be annulled and that there should be a prompt determination of the disputed rights and obligations and of all litigation and then a rebidding of the contract for the publication of the Official State Reports on indisputable terms ”,
In bringing this proceeding, the petitioner challenges the determination of respondent Flavin that the public interest required an annulment of petitioner’s contract, on the grounds that such determination was arbitrary, capricious and an abuse of discretion.
The issue presented to the court is whether the determination made by respondent Flavin is subject to judicial review.
The court is in agreement with respondents’ contention that subdivision 12 of section 434 of the Judiciary Law bars judicial review. This subdivision provides as follows: “If the state reporter determines that a contract has not been faithfully kept and performed by the contractor, or whenever in the judgment of the state reporter the public interest may so require, of which the state reporter shall be exclusive judge and his decision shall *497 be final, the state reporter may, by an instrument in writing signed by him and approved by the chief judge of the court of appeals and filed in the office of the secretary of state, modify said contract in the interest of justice, or annul said contract from a time specified in said instrument and thereupon immediately enter into a new contract likewise to be approved by the chief judge of the court of appeals Although the subdivision does not expressly state that there shall not be judicial review of the action of the State Reporter in annulling a contract, it seems clear that such an intent is implicit therein. The subdivision authorizes the State Reporter to annul a contract when the public interest so requires and provides that he shall be the exclusive judge of the public interest and that his decision as to whether the public interest requires a contract to be annulled is final. Furthermore, a form of review is built into the subdivision by the requirement that the decision of the State Reporter be approved by.the State’s highest judicial officer.
In view of the express language of the subdivision making the decision of the State Reporter “ final ”, and the additional requirement that the decision of the State Reporter be approved by the Chief Judge of the Court of Appeals, the court concludes that the Legislature did not intend to make the decision of the State Reporter the subject of inquiry by the courts. This conclusion is not without precedent, for, as the Court of Appeals stated in People v. Bunge Corp. (25 N Y 2d 91, 98): “ Certainly, every action of an executive, as distinguished from a judicial or legislative official, is administrative, but it does not follow that every such act is subject to judicial review ”.
However, when judicial review is precluded, as it is in this case, there still remains in the courts 1 c the duty to make certain that the administrative official has not acted in excess of the grant of authority given him by statute or in disregard of the standard prescribed by the legislature ”. (Matter of Guardian Life Ins. Co. v. Bohlinger, 308 N. Y. 174, 183.) After applying these tests to the instant case the petition must be dismissed. Since subdivision 12 expressly authorizes the State Reporter, with the approval of the Chief Judge of the Court of Appeals, to annul a contract, respondent Flavin’s determination, approved by Chief Judge Ftjld, that the petitioner’s contract should be annulled, cannot be said to be in excess of statutory authority. In arriving at the determination to annul the petitioner’s contract, respondent Flavin employed the “ public interest ” standard fixed by the statute, as is evidenced by the written annulment of contract wherein he certified “ that *498 in my judgment the public interest requires that the contract executed November 27, 1970 between James M. Flavin, State Reporter, and The Lawyers Co-operative Publishing Company should be annulled ”. "Whether or not respondent Flavin exercised the proper judgment in determining that the public interest required the annulment of petitioner’s contract is not open to question in this proceeding since the determination of the ‘1 public interest ’ ’ has been committed by statute to the exclusive judgment of the State Reporter.
Accordingly, the petition is dismissed.