■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v E. E. SHELDON, Appellant.—Order, Supreme Court, New York County, entered January 18, 1978, granting motion to vacate arbitrator's award, is unanimously modified, on the law, without costs, to the extent that paragraphs 1 and 3 of the arbitrator's award are confirmed; the award is vacated as to paragraph 2 thereof; and the issues of attorney's fees and expenses are remanded to the American Arbitration Association for arbitration before a different arbitrator. There appears to be no dispute as to the award to claimant of $140 plus interest, covered in paragraph 1, and the routine reimbursement to claimant of the administrative fee provided for in paragraph 3 of the award. The dispute has been entirely as to attorney's fees and transcript cost covered by paragraph 2 of the award. In this matter involving an essentially undisputed no-fault claim for $140, the arbitrator awarded claimant's attorney $1,500 attorney's fees plus a portion of the transcript cost. Jurisdiction in the proceeding to vacate the award was properly obtained by service upon the attorney who had made the demand for arbitration and who had conducted all the arbitration proceedings on behalf of claimant. *(Matter of Knickerbocker Ins. Co. [Gilbert],* 28 NY2d 57.) It is clear that a large part of the attorney's services for which compensation has been awarded at $150 per hour to claimant's attorney covered services in proving his claim for attorney's fees. In *Matter of Fresh Meadows Med. Assoc. (Liberty Mut. Ins. Co.)* (65 AD2d 431), involving a similar claim by the same attorney, the Appellate Division for the Second Department has held that in such a case the attorney may not recover the cost of establishing his attorney's fees. We agree with that decision. It follows that the arbitrator has applied a wrong rule of law. As this is a compulsory arbitration, subdivision 2 of section 675 of the Insurance Law, the scope of judicial review is broader than it would be in voluntary arbitration and we may vacate the award where the arbitrator has applied a wrong rule of law. (See *Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493; *Matter of Furstenburg [Aetna Cas. & Sur. Co.],* 67 AD2d 580.) The case is deemed to fall within the provision of CPLR 7511 (subd [b], par 1, cl [iii]): "an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made". *(Mount St. Mary's Hosp. v Catherwood, supra,* p 508; *Matter of Fresh Meadows Med. Assoc. [Liberty Mut. Ins. Co],* supra.) However, claimant and his attorney are entitled to reasonable attorney's fees in the proceedings for the collection of claimant's underlying claim, and we remand for determination by the arbitrator as to the amount of such attorney's fees. Any contention that the attorney's fees were unnecessarily extended because of the manner in which claimant's attorney proceeded with the claim may be submitted to the arbitrator. We note that the arbitrator's award in this case was rendered on September 6, 1977, i.e., before December 1, 1977 the effective date of the amendment of subdivision 1 of section 675 of the Insurance Law with respect to attorneys' fees in no-fault matters. (L 1977, ch 892, § 13.) A serious question has been raised as to the impartiality of the arbitrator. This arbitrator has for a long time

advertised daily in the *New York Law Journal* under "Specialized Legal Services" "NO-FAULT BAR ONLY." Thus he has been appealing for business from the section of the profession whose attorneys' fees he has been passing on. He had also acted as arbitrator in four matters involving the present attorney for the claimant. The importance of full disclosure of any matters bearing on the impartiality of the arbitrator is recognized both in the case law, *(Matter of Milliken Woolens [Weber Knit Sportswear],* 11 AD2d 166, affd 9 NY2d 878), and in the American Arbitration Association notice of appointment to the arbitrator which states "Any doubt should be resolved in favor of disclosure." The association reported to the parties that the arbitrator stated that "as an Attorney practicing in the field of negligence he knows Claimant's attorney professionally and has cases pending against the Insurance Company." It is doubtful whether this sufficiently alerted the parties to the problem. We note that while the term "field of negligence" is perhaps sometimes loosely used as synonymous with personal injury cases, strictly speaking "negligence" is the direct opposite of "no-fault." Concur—Fein, J. P., Sandler, Bloom, Lane and Silverman, JJ.