JAMES KARMILOWICZ, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.

First Department, October 30, 1980

## APPEARANCES OF COUNSEL

*Abraham Shapiro* of counsel *(Gerald Richman* with him on the brief; *Shapiro, Shiff, Beilly, Rosenberg & Fox,* attorneys), for appellant.

*Sheldon Silver* of counsel *(Agri, Bilder & Silver,* attorneys), for respondent.

## OPINION OF THE COURT

LYNCH, J.

The petitioner was injured in a motor vehicle accident on September 1, 1977, that gave rise to a claim under no-fault insurance. In a prior arbitration it was determined that petitioner was entitled to first-party benefits. A second arbitration, the subject of this appeal, was commenced by request of petitioner on October 12, 1978 after more than 30 days had elapsed since petitioner had submitted medical bills and lost earnings claim forms without any response from respondent.

The arbitrator rendered an award and opinion, finding that petitioner had been employed at the time of the accident, that his weekly earnings were $165, and that respondent was entitled to a setoff for the amount of Social Security benefits paid to petitioner, but not for Social Security payments received by petitioner's wife and dependent child. Respondent had requested at the hearing that the arbitrator apply section 65.6 (p) (4) (iii) of the New York State insurance regulations (11 NYCRR Part 65) thereby reducing petitioner's award in an amount equal to the benefits paid to petitioner's wife and child, but he declined to do so.

On July 24, 1980, petitioner moved in Supreme Court to confirm the award and respondent made a cross motion to vacate on the basis that the failure by the arbitrator to allow an offset for those benefits received by petitioner's wife and child rendered the award improper. In the alternative, respondent argues that the award was nevertheless improper in that petitioner's lost earnings for the period March 1, 1978 through May 31, 1978 had been miscalculated. Respondent further

challenged the counsel fee awarded by the arbitrator in the amount of $2,000.

Special Term granted petitioner's application to confirm and denied the cross petition to vacate the award, finding that there was no showing that the award was incomplete, irrational or otherwise improper, but not passing specifically upon the latter two arguments by respondent pertaining to the alleged miscalculation, Special Term found that it was applicable only to insurers calculating lost earnings, and that it did not compel any particular findings by arbitrators with regard to setoffs. Citing *Lentine v Fundaro* (29 NY2d 382), the court found that an arbitration award cannot be set aside for error of law or fact, and that unless the award is completely irrational, the arbitrator is free to fashion the applicable rules and determine the facts of the dispute.

The standard for review expressed in *Lentine* applies to voluntary arbitration. It is inappropriate in compulsory arbitration under no-fault. The scope of review in a case involving compulsory arbitration was articulated in *Mount St. Mary's Hosp. of Niagara Falls v Catherwood* (26 NY2d 493, 508-510), where the Court of Appeals expanded the "excess of power" standard of CPLR 7511 (subd [b], par 1, cl [iii]) to hold that it "includes review in the case of compulsory arbitration (but only in such case) of whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record * * * The award may not be arbitrary or capricious".

Thus, in reviewing an award rendered in a compulsory arbitration, the court may vacate the award where the arbitrator applied the wrong rule of law. (See *Mount St. Mary's Hosp. of Niagara Falls v Catherwood, supra; Caso v Coffey,* 41 NY2d 153; *Matter of Nationwide Mut. Ins. Co. v Sheldon,* 70 AD2d 847; *Carlo Serv. Corp. v Rachmani,* 64 AD2d 579.) Special Term applied the wrong standard in reviewing this compulsory arbitration. Therefore, the prime issue in this appeal becomes whether the arbitrator correctly determined that respondent was not entitled to an offset by reason of the Social Security benefits received by petitioner's wife and child.

Section 671 (subd 2, par [b]) of the Insurance Law, in defining "first party benefits" provides that the term means payments for basic economic loss, less "amounts recovered or recoverable on account of such injury under state or federal laws providing social security disability benefits, or workmen's

compensation benefits". Interpreting the statute, section 65.6 (p) (4) (iii) of the Regulations Implementing the Comprehensive Automobile Insurance Act (11 NYCRR Part 65), pertaining to accidents occurring prior to December 1, 1977, specifically directs the insurer, after notification from the Social Security administration of the amount of the award received, to "reduce the applicant's injury inclusive of awards made to the applicant's spouse and dependents on account of the injury".

It is undisputed that at the time of the arbitration proceedings, the arbitrator was aware that petitioner's wife and child had been awarded Social Security benefits as a result of petitioner's injury. Nevertheless, he failed to offset petitioner's award by the amount of those payments, although he did reduce the award by the Social Security benefits received by petitioner. There is no support in the record for this inconsistency.

Petitioner alleges that respondent failed to comply with subdivisions of the cited regulation, in that it failed to forward necessary forms to petitioner to pursue Social Security benefits, and that it also failed to continue first-party benefits until the petitioner began to receive the Social Security payments. On this basis, petitioner claims that the arbitrator acted properly in finding that respondent was not entitled to the offset provided for under the regulation.

To the contrary, there is no indication in the award or opinion of the arbitrator that the offset here involved was denied because of respondent's failure to comply with the procedural requirements of the regulation. Further, nowhere in the regulation itself does it appear that the setoff directed is conditioned on the insurer's compliance with the procedures described therein. Even assuming that respondent did fail to meet its obligation imposed by the regulation, that failure does not obviate the offset.

■ The arbitrator failed to reduce petitioner's award by the Social Security benefits to petitioner's wife and child, in disregard of the directions of section 65.6 of the regulations, and without explanation. In *Matter of Furstenberg (Aetna Cas. & Sur. Co.)* (49 NY2d 757), the court held that an award made in a compulsory arbitration may be vacated where the award lacks a rational basis. There is no indication in the present record of the reasons for the arbitrator's conclusion that the offset required under section 65.6 need not have been

applied, and, in view of the clear directive of the regulation, it must be concluded that the arbitrator's award was without basis in reason. The award should accordingly be vacated. (See *Mount St. Mary's Hosp. of Niagara Falls v Catherwood, supra; Caso v Coffey, supra; Matter of Furstenberg [Aetna Cas. & Sur. Co.], supra.)*

The award as rendered by the arbitrator would effect an unintended windfall to petitioner. The purpose of the first-party benefits provision is to prevent loss of earnings. To this end, the Legislature directed that there be an offset for, *inter alia,* workers' compensation and Social Security benefits. That a portion of such benefits was paid under applicable law to the injured person's dependents does not detract from the fact that they arose nonetheless as a result of the injury. To refuse the setoff directed by the regulation would result in the injured claimant receiving more as lost earnings than the actual wages lost, a gift not intended by the Legislature when it enacted no-fault legislation.

■ That portion of the award granting attorney's fees is confirmed. Generally, counsel fees are recoverable based on the reasonable value of the services rendered *(Matter of Nationwide Mut. Ins. Co. v Sheldon,* 70 AD2d 847, *supra).* There is nothing in the record to suggest that the sum awarded for fees was based upon the amount of petitioner's recovery and that any modification of the arbitration award should carry with it a modification of the award for counsel fees. Nor is there any basis upon which to conclude that the amount awarded was unreasonable.

Accordingly, the judgment of the Supreme Court, New York County (KIRSCHENBAUM, J.), entered January 7, 1980, granting petitioner's application to confirm and denying respondent's application to vacate an arbitration award, should be modified, on the law, and the application to confirm denied and the cross application to vacate granted to the extent indicated herein, and the matter remanded to the arbitrator to recompute the award, with costs and disbursements.

KUPFERMAN, J. P., FEIN, SULLIVAN and LUPIANO, JJ., concur.

Judgment, Supreme Court, New York County, entered on January 7, 1980, modified, on the law, and the application to confirm denied and the cross application to vacate granted to the extent indicated in the opinion of this court filed herein,

and the matter remanded to the arbitrator to recompute the award. Appellant shall recover of respondent $75 costs and disbursements of this appeal.