TRANSAMERICA INSURANCE COMPANY, Respondent, v KEMPER INSURANCE COMPANY, Appellant.

Fourth Department, February 13, 1981

### APPEARANCES OF COUNSEL

*Greene, Hershdorfer & Sharpe (Victor J. Hershdorfer* of counsel), for appellant.

*Bond, Schoeneck & King (John D. Allen* and *John J. Dee* of counsel), for respondent.

### OPINION OF THE COURT

SIMONS, J.

Petitioner Transamerica Insurance Company has moved to vacate an arbitration decision in a loss transfer case (see Insurance Law, § 674). The panel defaulted petitioner because its attorney failed to appear although notified of the hearing. Special Term vacated the panel's decision, holding that by failing to obtain the appearance of Transamerica's attorneys and by failing to decide the case on the merits the arbitrators were guilty of misconduct for refusing to hear and consider material evidence (see CPLR 7511, subd [b] ;

*Matter of Professional Staff Congress/City Univ. of N.Y. v Board of Higher Educ. of City of N.Y.*, 39 NY2d 319; *Gervant v New England Fire Ins. Co.*, 306 NY 393). We affirm.

The claim arises out of an automobile accident occurring near Ithaca, New York on September 12, 1977 when vehicles operated by respondent Kemper's insured (Goodband) and Transamerica's insured (Marcy) collided. The two cars were proceeding in opposite directions and immediately before the accident Goodband's vehicle crossed the highway and collided head-on with Marcy's car. The accident resulted in minor injuries to Marcy and a passenger in his car named Kopolow and serious injuries to a second passenger in the Marcy car named Barnum. Goodband was charged with driving while intoxicated, driving without a license (his license had been revoked previously for driving while impaired) and failure to keep right. He pleaded guilty to driving while intoxicated.

After paying first-party benefits to the occupants of the Marcy vehicle, Transamerica claimed reimbursement from Kemper. Kemper did reimburse it for the payments to Marcy and Kopolow (about $500) but it refused to reimburse it for the $50,000 paid to Barnum. Transamerica then filed a claim for mandatory arbitration pursuant to section 674 of the Insurance Law, and three insurance company employees were designated as arbitrators. Although it was not obliged to retain counsel, and as a matter of practice carriers generally do not do so in loss transfer arbitration cases, Transamerica notified the arbitrators that it elected to exercise its right to representation and have its attorneys present at the hearing (see 11 NYCRR 65.10 [d] [3] [ix]). On the return date set by the arbitrators, the attorneys failed to appear because of a clerical error in marking their calendar, and the arbitrators dismissed the claim, stating "Applicant failed to prove damages. No personal appearance by Applicant Representative."

Kemper contends that the court is without power to entertain this petition because the Legislature has provided in section 674 of the Insurance Law that mandatory arbitra-

tion is the "sole remedy" of insurers in loss transfer claims. There have indeed been conflicting decisions on the power of the courts to review no-fault arbitration decisions, particularly for errors of law or fact (see *Karmilowicz v Allstate Ins. Co.*, 77 AD2d 131; *Transamerica Ins. Co. v Lumbermen's Cas. Ins. Co.*, 77 AD2d 5; cf. *Matter of Shand* [*Aetna Ins. Co.*], 74 AD2d 442, and see, generally, on scope of review for voluntary arbitration, *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582; *Lentine v Fundaro*, 29 NY2d 382, 385-386), but the tendency has been to expand rather than limit the scope of judicial review in mandatory arbitration proceedings *(Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.]*, 49 NY2d 757; *Karmilowicz v Allstate Ins. Co., supra; Transamerica Ins. Co. v Lumbermen's Cas. Ins. Co., supra; Matter of Shand [Aetna Ins. Co.], supra)*. Moreover, the Legislature has demonstrated in the past that it knows how to foreclose judicial review when it chooses to do so (see, e.g., Education Law, former § 310 [L 1947, ch 820]; Judiciary Law, § 434, subd 12; see *Matter of Lawyers Co-op. Pub. Co. v Flavin*, 69 Misc 2d 493, affd 39 AD2d 616), and nothing in the present statute or the regulations implementing it specifically prevents us from reviewing the arbitrators' decision for "corruption, fraud or misconduct in procuring the award" (CPLR 7511, subd [b], par 1, cl [i]).

Kemper also cites *Paxton Nat. Ins. Co. v Merchants Mut. Ins. Co.* (74 AD2d 715) and *Matter of Amica Mut. Ins. Co. (Reaves—Selected Risks Ins. Co.)* (70 AD2d 811) to support its position that we are without power to review the panel's decision. Those cases, however, involved applications for reimbursement of first-party benefits prior to arbitration. Neither mentions the court's power to review the panel's award after arbitration is completed.

The question then is whether Transamerica has established misconduct by the panel of arbitrators. The hearing procedure was governed by 11 NYCRR 65.10 [d] [3] [v] which provides in part: "If one of the parties fails to produce evidence at a scheduled arbitration hearing, after due notice thereof, the arbitrators may, at their discretion, *consider the information provided in the arbitration notice*

*by such party and render a decision accordingly"* (emphasis added).

On the day of the hearing, the panel had before it to establish liability, Transamerica's claim with a police report and a witness' statement annexed. It also had Kemper's entire file on the case. This evidence established clearly that Kemper's driver was liable for the accident and Kemper had acknowledged as much by paying the losses of Marcy and Kopolow in full. On the record, therefore, the only basis for the panel's decision, if it was based on the merits, was Kemper's claim that Barnum's injuries were avoidable by use of an available seat belt.

Arguably, considering the nature of Barnum's injuries, a seat belt might not only have mitigated the seriousness of them but it might have eliminated them entirely. There is nothing in the panel's reported decision, however, to suggest that that was the basis on which it resolved petitioner's claim. The published decision makes it clear that it did not decide the case on the merits but dismissed it because Transamerica failed to appear. The regulations do not give the arbitrators authority to default a party, however, and their decision doing so was tantamount to refusing to hear and consider material evidence and constituted misconduct *(Matter of Professional Staff Congress/City Univ. of N.Y. v Board of Higher Educ. of City of N.Y.*, 39 NY2d 319, *supra; Gervant v New England Fire Ins. Co.*, 306 NY 393, *supra;* 23 Carmody-Wait 2d, NY Prac, § 141:117).

The order should be affirmed.

CARDAMONE, J. P., CALLAHAN, DOERR and SCHNEPP, JJ., concur.

Order unanimously affirmed, with costs.