■ BERNARD J. SCHMITT, AS ADMINISTRATOR OF THE ESTATE OF EDITH C. SCHMITT, Deceased, et al., Respondents, v HERBERT KANTOR, Defendant and Third-Party Plaintiff-Appellant. JOHN McGALEY, Defendant and Third-Party Plaintiff-Respondent; CARL H. NEUMAN, Doing Business Under the Trade Name of SYOSSET HOSPITAL, Defendant and Third-Party Defendant-Respondent. — In a medical malpractice action, defendant Dr. Herbert Kantor appeals (by permission) from an order of the Supreme Court, Nassau County (Kelly, J.), dated December 15, 1980, which denied his motion, *inter alia,* to vacate the findings of the medical malpractice panel. Order reversed, without costs or disbursements, motion granted and the matter remitted for a *de novo* hearing before a new panel on the issue of malpractice. Pursuant to section 148-a of the Judiciary Law and Part 684 of the rules of this court (22 NYCRR Part 684), a medical malpractice panel conducted a hearing and unanimously found, *inter alia,* (1) that there was no liability on behalf of defendants Syosset Hospital and Dr. McGaley and (2) that there was liability on the part of defendant Dr. Kantor. On September 17, 1980 a conference was held and following this conference defendant McGaley's attorney learned that his firm was also representing Dr. Green, the neurologist on the panel, in an unrelated malpractice action. Defendant McGaley's attorney, on September 24, 1980, wrote to the various attorneys involved, advising them of this fact. On October 6, 1980 Dr. Kantor's attorney wrote to Justice Kelly requesting that under the circumstances the findings of the panel be vacated. The court alerted defendant Kantor's attorney that any such application required a motion. Thereafter defendant Kantor served a notice of motion, dated October 27, 1980, for an order, *inter alia,* vacating the findings of the medical malpractice panel. In an order dated December 15, 1980, that motion was denied, the court stating "that to [grant the motion] would not serve the clearly expressed legislative intent in enacting Judiciary Law Section 148-a." Since there is no way of knowing to what extent, if any, the fact that the panel doctor was being represented in an unrelated malpractice action by the same law firm as one of the codefendants influenced his handling of the case, the findings of the panel must be vacated in their entirety, and the matter remanded for a *de novo* hearing before a new panel on the issue of malpractice. (See *De Camp v Good Samaritan Hosp.,* 66 AD2d 766; *Seabrook v Good Samaritan Hosp.,* 75 AD2d 849.) Damiani, J. P., Titone, Gibbons and Weinstein, JJ., concur.