OPINION OF THE COURT
Edward J. Greenfield, J.
Petitioner moves to disqualify John F. Mulholland from acting as an arbitrator between the parties and direct respondent American Arbitration Association (AAA) to appoint a substitute arbitrator prior to the commencement of the arbitration.
The underlying arbitration proceeding involves claims by petitioner against respondent Zurich Insurance Co. (Zurich) under the “No-Fault” Insurance Law.
By letter dated August 26, 1981, respondent AAA sent petitioner and Zurich the names of three no-fault arbitrators selected from its no-fault panel, one of whom was to be ultimately selected by the AAA to serve as the arbitrator between the parties. As provided by the no-fault arbitration rules, each party was permitted to strike any one of the three names from the list. The AAA would then appoint an arbitrator from the name(s) not stricken.
Petitioner exercised her right to strike one of the names of the proposed arbitrators. Thereafter, by letter dated September 30, 1981 addressed to the parties, the AAA appointed John F. Mulholland, Esq., one of the original three, as árbitrator. The appointment notice further pro *552 vided as follows: “The Arbitrator has advised the Association that as an Attorney with experience in the negligence field he has handled matters on behalf of Respondent [Zurich] in the past (over four years ago) and has also indicated that he can fairly and impartially determine this dispute.”
Petitioner timely objected to the appointment by letter dated October 2, 1981 on the ground that Mulholland had represented Zurich within the recent past. At no time did petitioner claim that Mulholland was actually biased. The AAA subsequently reaffirmed Mulholland’s appointment on October 9, 1981.
Petitioner asserts that during the time the list of proposed arbitrators was sent to her attorney and returned to the AAA as set forth above, it was not disclosed to her that Mulholland had previously acted as attorney for respondent Zurich in other matters.
In opposition to the petition, counsel currently representing Zurich in this matter states that he had made inquiries of Zurich’s claims department which indicate that Mulholland has not acted as an attorney for Zurich in any matter “for quite some time.” Zurich’s counsel also contends that the instant application is in effect a delaying tactic by petitioner.
This case does not involve a private commercial arbitration agreement where one party seeks to disqualify and replace a mutually agreed-upon arbitrator in advance of commencement of the arbitration on the grounds of bias. The court’s authority to entertain such an application in such circumstances is limited, if not doubtful (Matter of Siegel [Lewis], 40 NY2d 687).
However, where the arbitration proceeding is brought pursuant to the “No-Fault” Law and the New York State no-fault arbitration rules, the court has greater leeway. Under these circumstances, it is likely that petitioner would have stricken the name of Mulholland as a proposed arbitrator had petitioner known of his previous representation of Zurich in insurance matters. Although there is no evidence of impropriety on the part of Mulholland, this does not overcome the requirement that an arbitration *553 proceeding must not only be unbiased, but must also avoid even the slightest appearance of bias (Matter of Stevens & Co. [Rytex Corp.], 41 AD2d 15, affd 34 NY2d 123).
Based upon the foregoing, the petition to disqualify John F. Mulholland from acting as an arbitrator between the parties and to direct the AAA to appoint a substitute arbitrator pursuant to the New York State no-fault arbitration rules is granted.