■ In the Matter of BLANCHE CONLEY, Respondent, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered February 19, 1982 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted petitioner's application to annul the decision of respondent Commissioner of Education that a second teacher tenure hearing panel must be convened to determine the charges against petitioner. Respondent Board of Education of the Syracuse City School District (board) brought charges of insubordination, incompetence and conduct unbecoming a teacher against petitioner, a tenured teacher. Section 3020-a of the Education Law requires that upon request of the teacher involved, a teacher tenure hearing must be held before a three-member panel. In accordance with the statute, petitioner selected one member of the panel, the board selected a second, and these two panelists selected the third member of the panel to serve as their impartial chairperson (Education Law, § 3020-a, subd 3, par c). The panel found petitioner guilty of only 2 of 13 charged specifications and recommended a $300 fine. The board appealed this decision to respondent Commissioner of Education (commissioner), alleging, *inter alia,* that the chairperson failed to disclose information which might suggest bias or the appearance of bias on his part. Specifically, the board contended that since petitioner's lawyer was representing her in his capacity as general counsel for New York State United Teachers (NYSUT), pursuant to an agreement between petitioner's union and NYSUT, the chairperson should have disclosed that he was also employed by NYSUT, as a permanent arbitrator for contract disputes between NYSUT and its own employees. Finding that "the chairperson's relationship with NYSUT was substantial and should have been disclosed at the earliest opportunity", the commissioner annulled the panel's decision and directed that the parties choose a new panel chairperson and that the new panel redetermine the charges against petitioner. Petitioner then brought the instant article 78 proceeding to review the commissioner's determination. Special Term found that there was neither any relationship between the chairperson and the parties nor any indication of bias or appearance of bias on the part of the chairperson, and annulled the commissioner's decision. Respondents have appealed. The commissioner has broad supervisory powers in regard to section 3020-a hearings (Education Law, § 3020-a, subd 3, par c; § 310; see, also,

*Matter of Shurgin v Ambach,* 56 NY2d 700, 702). Not only may he annul an erroneous award, but he may also substitute his judgment for that of the panel, even where the panel's decision has a rational basis (see *Matter of Shurgin v Ambach, supra; Matter of McNamara v Commissioner of Educ., N.Y. State Educ. Dept.,* 80 AD2d 660; *Matter of Mockler v Ambach,* 79 AD2d 745, mot for lv to app den 53 NY2d 603). The courts, even with their more restricted supervisory role over arbitration proceedings, have been held to have the power to vacate a determination on the basis of undisclosed bias or conflict of interest on the part of a neutral arbitrator (*Commonwealth Corp. v Casualty Co.,* 393 US 145; *Matter of Stevens & Co. [Rytex Corp.],* 34 NY2d 123). Therefore, the commissioner, with his much greater supervisory powers vis-à-vis section 3020-a hearings, must be deemed to have the authority to vacate a similarly tainted award. When a determination of the commissioner is appealed to the courts in an article 78 proceeding, our scope of review is limited to determining whether his decision lacks a rational basis (*Matter of Strongin v Nyquist,* 44 NY2d 943, 945, app dsmd 440 US 901; *Matter of Chauvel v Nyquist,* 43 NY2d 48, 52). The general rule concerning impartial arbitrators and hearing officers is that they not only must be unbiased but also must avoid even the appearance of bias, and to that end, prior to undertaking their duties they should disclose any nontrivial relationship, either direct or indirect, with any party to a proceeding (*Commonwealth Corp. v Casualty Co.,* 393 US 145, *supra; Matter of Stevens & Co. [Rytex Corp.],* 34 NY2d 123, *supra; De Camp v Good Samaritan Hosp.,* 66 AD2d 766, 768; *Matter of Colony Liq. Distrs.,* 34 AD2d 1060, affd 28 NY2d 596). In the instant case, as part of an affiliation between NYSUT and petitioner's local union, NYSUT provided legal representation for any member of petitioner's union involved in a teacher tenure hearing. The chairman also had a contractual relationship with NYSUT, in that he was one of eight arbitrators designated to arbitrate any disputes between NYSUT and its professional employees. The chairman had in fact already heard disputes between NYSUT and its employees and received remuneration for his services, and under this ongoing agreement, he certainly can be expected to hear and be paid for more such arbitration assignments in the future. The courts have held that an existing, or even a past, attorney-client relationship with a party or key staff personnel of a party to an arbitration requires disclosure (see, e.g., *Schmitt v Kantor,* 83 AD2d 862; *De Camp v Good Samaritan Hosp.,* 66 AD2d 766, *supra; Matter of Romeo v Union Free School Dist., No. 3, Town of Islip,* 64 AD2d 664). We cannot say that such a past or present relationship is significantly different from that of the chairman herein with NYSUT, the entity which represented petitioner; nor can we say that it was irrational for the commissioner to find that this relationship was substantial rather than trivial. The commissioner, as chief educational officer of the State, certainly may adopt higher ethical standards for disclosure than might exist in commercial or other arbitration situations. Accordingly, the judgment of Special Term should be reversed, and the petition dismissed. Judgment reversed, on the law and the facts, with one bill of costs to respondents, and petition dismissed. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.