## (May 31, 1983)

■ PHILIP ARDOLINO, Appellant, v CITY OF NEW YORK, Respondent, and ALBERT B. LEWIS, as Superintendent of Insurance of the State of New York, Intervenor-Respondent. — In a declaratory judgment action, plaintiff appeals from a judgment of the Supreme Court, Queens County (Hyman, J.), entered May 26, 1982, which denied his motion for summary judgment and granted

---

[*] Admitted to practice by the Appellate Division of the Supreme Court, First Judicial Department, on March 13, 1961.

defendant's cross motion for summary judgment declaring that "11 NYCRR 65.6 (p) (4) (iii) is valid and that defendant's offset of amounts recovered from Social Security by plaintiff's wife and children was lawful". Judgment affirmed, without costs or disbursements. The only issue before us on this appeal is whether section 65.6 (subd [p], par [4], cl [iii]) of the regulations promulgated by the Superintendent of Insurance in connection with section 671 (subd 2, par [b]) of the Insurance Law (11 NYCRR 65.6 [p] [4] [iii]) is lawful and valid. The regulation provides for an offset against the amount of an applicant's "first-party benefits" of Social Security disability benefits paid on account of the applicant's injury, inclusive of the amounts awarded to the applicant's spouse and dependents. The statute, insofar as is here pertinent, excludes from the definition of "first-party benefits" "amounts recovered or recoverable on account of such injury under * * * federal laws providing social security disability benefits" (Insurance Law, § 671, subd 2, par [b]). Special Term found that the regulation in issue was valid, and that the offset made in pursuance thereof was proper. We agree. The legislative purpose behind the Social Security disability exclusion in section 671 (subd 2, par [b]) of the Insurance Law is readily identifiable on the face of the statute. It is designed to prevent a windfall recovery to injured persons. While we have not had occasion to speak on this issue previously, the reasoning of the First Department in a factually similar case (*Karmilowicz v Allstate Ins. Co.*, 77 AD2d 131) is instructive. In a unanimous decision, that court stated with regard to the identical provisions (p 135) "[t]he purpose of the first-party benefits provision is to prevent loss of earnings. To this end, the Legislature directed that there be an offset for, *inter alia,* workers' compensation and Social Security benefits. That a portion of such benefits was paid under applicable law to the injured person's dependents does not detract from the fact that they arose nonetheless *as a result of the injury.* To deny the setoff directed by the regulation would result in the injured claimant receiving more as lost earnings than the actual wages lost, a gift not intended by the Legislature when it enacted no-fault legislation" (emphasis supplied). We concur in the position of our brethren in the First Department. Accordingly, the decision of Special Term was entirely proper. Gibbons, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.