**Deidra C. RICHARDSON, Petitioner,**

v.

**AMERICAN ARBITRATION ASSOCIATION, et al., Respondents.**

**No. 93 Civ. 6128 (LAK).**

United States District Court, S.D. New York.

June 20, 1995.

Daryll Boyd Jones, Laurelton, NY, for petitioner.

Rosemary S. Page, New York City, for respondent American Arbitration Ass'n.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

 This case presents the question whether the American Arbitration Association ("AAA"), as the administrator of an arbitration conducted pursuant to a collective bargaining agreement ("CBA"), may be sued on the theory that the arbitrator was biased and failed to sequester witnesses during the arbitration hearing. The Court concludes that it may not.

Petitioner Deidra C. Richardson was a registered nurse at St. Lukes–Roosevelt Hospital Center from 1982 until she was terminated on January 16, 1992. It is unnecessary to recount the events leading to her termination other than to say that she began in 1988 to object on religious grounds to blood transfusions and abortions and that she filed grievances pursuant to the CBA between the hospital and the New York State Nurses Association. The arbitration was held under the auspices of the AAA before Jonas Aarons as arbitrator, who ruled for the hospital on petitioner's several complaints. Petitioner claims that Aarons is an atheist and therefore prejudiced against her on religious grounds, that Aarons was biased in

favor of management, and that Aarons failed to exclude the hospital's witnesses from the hearing room during the testimony of other hospital witnesses. The claim against the AAA is that it is responsible for Aarons' allegedly inappropriate conduct. (AmCpt ¶ 25)

The question of the susceptibility of the AAA and organizations performing similar functions from suits like this has been considered carefully both by the Sixth Circuit and by another judge of this Court. Both have held that organizations administering arbitrations like this are immune from suit. *Corey v. New York Stock Exchange,* 691 F.2d 1205 (6th Cir.1982); *Austern v. Chicago Board Options Exchange,* 716 F.Supp. 121 (S.D.N.Y.1989), *aff'd,* 898 F.2d 882 (2d Cir.), *cert. denied,* 498 U.S. 850, 111 S.Ct. 141, 112 L.Ed.2d 107 (1990). Petitioner has offered no persuasive reason that they should not be followed. Accordingly, the Court holds that the AAA is entitled to summary judgment dismissing the complaint on the ground that it is immune from suit on this claim.

The AAA contends, in the alternative, that it has been released from liability. The CBA in question provides for arbitration under the AAA's then-existing rules. Section 42 of the Voluntary Labor Arbitration Rules in effect at the date in question provided that "[n]either the AAA nor any arbitrator shall be liable to any party for any act or omission in connection with any arbitration under these rules." The AAA maintains that petitioner, although not a signatory to the CBA, is bound by its terms, and the Court agrees. *See Bowen v. United States Postal Service,* 459 U.S. 212, 224–26, 103 S.Ct. 588, 595–96, 74 L.Ed.2d 402 (1983) (waiver by union in CBA of employee rights binding on employee).

Accordingly, the motion of the AAA for summary judgment dismissing the complaint as to it is granted. As the issues presented by this motion are entirely distinct from the other aspects of the case and this decision disposes of all claims against the AAA, there is no just reason for delay and the Clerk shall enter final judgment with respect to the AAA.

SO ORDERED.