OPINION OF THE COURT
Peter B. Skelos, J.
Petitioner’s motion (sequence No. 001) for an order pursuant to CPLR 7511 (b) (1) vacating the arbitration award dated August 9, 2002 in favor of respondent Allstate Insurance Company is granted. The cross motion of respondents American Arbitration Association (AAA) and Irwin H. Schwartz, Esq. for an order dismissing the petition against said defendants is granted. The court sua sponte dismisses the petition against Robert P. Tusa, Esq.
Petitioner alleges that his right to a fair and impartial arbitration hearing was violated by reason of the fact that the respondents failed to disclose to petitioner the fact that Irwin H. Schwartz, Esq., the arbitrator employed by the American Arbitration Association, had been a long-time employee of respondent Allstate Insurance Company.
Respondents do not deny that for the years 1958 through 1977, Mr. Schwartz was employed as senior trial counsel by Allstate Insurance Company. Thereafter, he entered the private practice of law until his appointment as a full-time arbitrator on January 1, 2002. Plaintiff suggests that Mr. Schwartz may be receiving a pension funded during his employment with Allstate. In opposition, Barbara Russo Lommel, a supervisor employed by American Arbitration Association, avers that she has been advised that Mr. Schwartz is not receiving a pension from Allstate. Counsel for Allstate suggests that Mr. Schwartz was terminated from his employment with Allstate and therefore is not receiving a pension. None of those competing allegations are made by a person with personal knowledge of the facts or by one who has had an opportunity to examine business records to confirm their respective averments. Curiously, Mr. Schwartz, a party to this proceeding, has not tendered an affidavit. Nevertheless, for the reasons stated below, whether he is receiving a pension funded during his employment with Allstate is not dispositive of the motions before the court.
*555 Petitioner was a claimant in a supplementary uninsured/ underinsured motorist (hereinafter SUM) arbitration proceeding brought pursuant to section 3420 (f) (2) of the Insurance Law and the regulations promulgated thereunder by the Superintendent of Insurance (see 11 NYCRR 60-2.4 et seq.). The superintendent has delegated his authority to administer SUM arbitrations to the American Arbitration Association (see 11 NYCRR 60-2.4 [a]). The arbitration is governed by the American Arbitration Rules for the Arbitration of Supplementary Uninsured/Underinsured Motorist Insurance Disputes and Uninsured Motorist Disputes in the State of New York (hereinafter AAA SUM Rules) (see 11 NYCRR 60-2.4 [a]).
In accordance with petitioner’s election to utilize the SUM arbitration process administered by the American Arbitration Association, petitioner agreed to waive any right to name the American Arbitration Association or its designated arbitrator as a party to a judicial proceeding:
“Neither the AAA nor any arbitrator in a proceeding under these rules is a necessary party in judicial proceedings relating to the arbitration. The participation of a party in an arbitration proceeding shall be a waiver of any claim against an arbitrator or the AAA for any act or omission in connection with any arbitration conducted under these rules.” (See AAA SUM Rules rule 31 [emphasis added].)
The rules precluding lawsuits against arbitration tribunals and arbitrators have been upheld by the courts of this state and other jurisdictions, which frequently note that the arbitrator and tribunal have no interest in the litigation and are not indispensable parties (see e.g. Candor Cent. School Dist. v American Arbitration Assn., 97 Misc 2d 267, 269 [1978]; Tamari v Conrad, 552 F2d 778, 780 [7th Cir 1977]; Richardson v American Arbitration Assn., 888 F Supp 604, 605 [SD NY 1995]; Hospitality Ventures of Coral Springs, L.C. v American Arbitration Assn., Inc., 755 So 2d 159,160 [Fla 2000]; McKown v American Arbitration Assn., 213 Ga App 197, 198, 444 SE2d 114, 115 [1994]; Peters Sportswear Co. v American Arbitration Assn., 427 Pa 152, 155-156, 233 A2d 558 [1967]). The courts also recognize the principle of arbitral immunity in dismissing actions against arbitrators and arbitration panels (see e.g. John St. Leasehold v Brunjes, 234 AD2d 26 [1996]; Austern v Chicago Bd. Options Exch., Inc., 898 F2d 882, 885 [2d Cir 1990]; Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v MedPartners, Inc., 203 FRD 677, 688 [SD Fla 2001]).
*556 Neither the arbitrator nor the American Arbitration Association has the authority to grant the relief sought by petitioner. The authority to vacate an arbitrator’s award is exclusive to the court (see CPLR 7511 [b]; Matter of Aetna Cas. & Sur. Co. v Vigilant Ins. Co., 241 AD2d 451, 452 [1997]). There are no factual allegations against respondent Robert P. Tusa, Esq. Accordingly, the cross motion is granted and the petition is dismissed to the extent that it seeks relief against respondents American Arbitration Association, Irwin H. Schwartz, Esq. and Robert P. Tusa, Esq.
The applicable rules and regulations provide that arbitrators are appointed following the recommendation of a screening panel and serve at the pleasure of the Superintendent of Insurance (see 11 NYCRR 60-2.4 [b] [1], [3]; AAA SUM Rules rule 7). Apparently, Mr. Schwartz was found qualified to serve as an arbitrator and was appointed effective January 1, 2002. Once appointed, an arbitrator may not “have any practice or professional connection with any firm or insurer involved in any degree with automobile insurance or negligence law” (11 NYCRR 60-2.4 [b] [4]). There is no proof that Mr. Schwartz was so employed in violation of the regulation. Nevertheless, petitioner was foreclosed by the nondisclosure of Mr. Schwartz’ prior relationship from making an inquiry into the nature of his prior employment.
The American Arbitration Association is required to “maintain information concerning the professional background of each of the arbitrators and such information shall be available to a party to the arbitration upon request” (AAA SUM Rules rule 9). The same rule provides a method for any party to challenge the assignment of an arbitrator to one’s arbitration proceeding. In this matter no such challenge was made prior to the arbitration hearing. However, since there is no evidence that the petitioner had actual knowledge of the prior relationship between Mr. Schwartz and Allstate, the petitioner did not waive the right to later challenge the designation of Mr. Schwartz as arbitrator by not voicing a challenge before the hearing (see Matter of Stevens & Co. [Rytex Corp.], 34 NY2d 123, 129 [1974]; Ossman v Ossman, 166 AD2d 896 [1990]; Lincoln Graphic Arts v Rohta/New Century Communications, 160 AD2d 871 [1990]).
While the courts recognize some obligation on the part of the parties to the arbitration to ascertain the potentially disqualifying facts, the ultimate burden falls upon the one with personal knowledge of those facts (see Stevens & Co. [Rytex Corp.], supra *557 at 129; Matter of Nationwide Mut. Ins. Co. v Sheldon, 70 AD2d 847 [1979]). In order to protect the integrity of the arbitral process the arbitrator and the American Arbitration Association had a duty to disclose any facts within their knowledge which might in any way support an inference of bias (see Matter of Goldfinger v Lisker, 68 NY2d 225, 231; Stevens & Co. [Rytex Corp.], supra at 128). An arbitrator’s failure to disclose any information that may reasonably support an inference of bias may be grounds to vacate the arbitration award so long as the relationship was not a trivial one (see Stevens & Co. [Rytex Corp.], supra at 125; Matter of Morgan Guar. Trust Co. v Solow Bldg. Co., 279 AD2d 431 [2001]; Conley v Ambach, 93 AD2d 902 [1983]). The determination of whether the relationship is trivial or not does not rest with the arbitrator, but rather must in the first instance be passed upon by the parties (Matter of Stevens & Co., supra at 128).
Rule 10 of the AAA Accident Claims Arbitration Rules for Use in New York State (eíf. Jan. 1, 1996) provides that the “arbitrator shall disclose any circumstance likely to create a presumption of bias which might disqualify that arbitrator * * *” (emphasis added). The standard by which the requirement of disclosure is measured is not actual bias, but rather the appearance of bias or impartiality (see Matter of Weinrott [Carp], 32 NY2d 190, 201 [1973]; De Camp v Good Samaritan Hosp., 66 AD2d 766 [1978], citing Commonwealth Corp. v Casualty Co., 393 US 145 [1968]).
An existing or past attorney-client relationship requires disclosure (see Conley v Ambach, supra at 903) in order to afford the parties the opportunity to make an independent judgment as to whether the past relationship should serve as a basis to challenge the arbitrator (see De Camp v Good Samaritan Hosp., supra at 768). In this court’s view a 20-year relationship is not so trivial as to preclude disclosure even with the 25-year gap. To be sure, the courts have not established a bright line rule as to the number of years since the date of termination of the employment beyond which disclosure is not required (see Matter of Milliken Wollens [Weber Knit Sportswear], 11 AD2d 166 [1960] [relationship existed 2.5 years before the arbitration hearing]; Matter of Gilmore v Zurich Ins. Co., 116 Misc 2d 551 [1981] [relationship existed in excess of four years before the arbitration hearing]).
Under these circumstances, the arbitrator’s award must be vacated by reason of the nondisclosure of his past long-term relationship with Allstate Insurance Company (see Nationwide *558 Mut. Ins. Co. v Sheldon, supra; Matter of Colony Liq. Distribs. [Local 669, Intl. Bhd. of Teamsters], 34 AD2d 1060 [1970]; Santana v Country-Wide Ins. Co., 177 Misc 2d 1 [1998]; compare Matter of Siegel [Lewis], 40 NY2d 687, 689 [1976] [Court declined to vacate award notwithstanding nondisclosure where no direct employer-employee relationship]).