**Galaxy RX, Inc. v Geico Gen. Ins. Co.**

2024 NY Slip Op 33644(U)

October 11, 2024

Supreme Court, New York County

Docket Number: Index No. 152186/2023

Judge: Richard G. Latin

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. RICHARD LATIN**             **PART**          **46M**

*Justice*

------------------------------------------------------------------------------X

GALAXY RX, INC.

                       Plaintiff,

               - v -

GEICO GENERAL INS. CO.,

                    Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152186/2023 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 10, 11, 13 were read on this motion to/for    VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents and after oral argument, petitioner's application to vacate is determined as follows:

On December 11, 2020, petitioner's assignor was injured in an automobile accident. At the time of the accident, petitioner's assignor had an automobile insurance policy issued by respondent, Geico General Ins. Co., containing benefits under the New York State No-Fault Law. On or about June 9, 2021, the petitioner provided pharmaceuticals to the assignor. Thereafter, on or about July 15, 2021, petitioner claimed $1,910.00 in health care costs from respondent. On January 18, 2022, well after petitioner's claim was undisputedly ignored, the respondent issued a general denial stating that the policy was exhausted. Petitioner then commenced arbitration against the respondent with the American Arbitration Association. The lower arbitrator denied petitioners, claim, on the basis that the policy was exhausted, and master arbitrator affirmed the lower arbitrator's decision.

In the instant action, petitioner argues that the arbitration award was arbitrary and capricious and so imperfectly executed that a final and definite award could not be made.

**152186/2023   GALAXY RX, INC. vs. GEICO GENERAL INS. CO.**           **Page 1 of 4**
**Motion No.  001**

1 of 4

Specifically, petitioner argues that the award does not state when the policy was exhausted, making it impossible to determine if petitioner should have been paid prior to exhaustion. In opposition, respondent argues that the petitioner fails to meet the standard to vacate an arbitration award and that there is no obligation to issue payments beyond the policy limits because the policy is exhausted.

Pursuant to CPLR 7511(b), an arbitration award will be vacated by a court where the rights of a party were prejudiced by: 1) corruption, fraud or misconduct in procuring the award; 2) partiality on the part of the arbitrator; 3) the arbitrator exceeding its power or so imperfectly executing it that a final and definite award was not made; and 4) failure to follow the procedure of this article (CPLR 7511 [b][i-iv]; *see also Petrofsky v Allstate Ins. Co.*, 54 NY2d 207, 210 [1981]). Where, as here, the arbitration is compulsory, courts will review the award with closer scrutiny (*Lackow v Dept. of Educ. (or "Board") of City of New York*, 51 AD3d 563, 567 [1st Dept 2008]). An arbitrator's determination in a compulsory arbitration must have evidentiary support and cannot be arbitrary and capricious (*see Motor Veh. Acc. Indem. Corp. v Aetna Cas & Sur. Cor.*, 89 NY2d 214, 233 [1996]*; see also Karmilowicz v Allstate Ins. Co.*, 77 AD2d 131, 133 [1st Dept 1980]).

New York's No-Fault insurance regulations provides that:

> [w]hen claims aggregate to more than $50,000, payments for basic economic loss shall be made to the applicant and/or assignee in the order in which each service was rendered or each expense was incurred, provided claims therefor were made to the insurer prior to the exhaustion of the $50,000. If the insurer pays the $50,000 before receiving claims for services rendered prior in time to those which were paid, the insurer will not be liable to pay such late claims. *If the insurer receives claims of a number of providers of services, at the same time, the payments shall be made in the order of rendition of services.*

11 NYCRR 65.315 (emphasis added). This establishes a priority of payment system, which requires an insurer to pay the verified claim "ahead of any other unpaid verified claims for services

**152186/2023 GALAXY RX, INC. vs. GEICO GENERAL INS. CO.**
**Motion No. 001**

**Page 2 of 4**

2 of 4

rendered or expenses incurred later than the services billed by [claimant], up to the policy's limits". (*Nyack Hospital v General Motors Acceptance Corp.*, 8 NY3d 294 [2007]).

Here, the lower arbitrator held, and the master arbitrator affirmed, that petitioner was precluded from collecting on its claim because the policy had been exhausted. In reaching this conclusion, the lower arbitrator relied on *Harmonic Physical Therapy, P.C. v Praetorian Ins. Co.* (15 NYS3d 771 [App Term, 1st Dept 2015]) and stated that petitioner's position runs counter to the no-fault regulatory scheme because it would "require defendant to delay payment on uncontested claims or, as here, on binding arbitration awards-pending resolution of plaintiff's disputed claim" (*see* NYSCEF Doc. No. 6).

However, *Harmonic* is completely inapplicable to the instant action. In *Harmonic* the insurer denied a petitioner's claim, the petitioner disputed the denial, and the policy was exhausted by subsequent claim payments while the denial dispute was pending. The court held that timely-denied claims do not hold their place in the priority of payment system because 11 NYCRR 65-3.15 does not preclude an insurer from "paying other providers' legitimate claims subsequent to the denial of plaintiff's claims" (*Harmonic Physical Therapy, P.C.*, 15 NYS3d at 771).

Here, respondent denied petitioner's claim, months after it was received, on the basis of policy exhaustion. As such, the instant action raises no concerns regarding the delayed payment of subsequent claims because the policy was already exhausted at the point that the claim was denied. Therefore, the lower arbitrator's application of *Harmonic*, and the master arbitrator's affirmation, is entirely misplaced and irrational.

Moreover, the lower arbitrator made no factual findings to determine whether the policy was exhausted in compliance with 11 NYCRR 65-3.15. There was no factual determination as to when the claim was verified, when the policy was exhausted, or whether the policy was exhausted

**152186/2023   GALAXY RX, INC. vs. GEICO GENERAL INS. CO.**
  **Motion No.  001**

**Page 3 of 4**

3 of 4

at the time that respondent became obligated to pay petitioner's claim. The lower arbitrator merely found that the policy was exhausted at the time of arbitration (*see* NYSCEF Doc. No. 6).

Respondent argues that that the arbitrator's findings are sufficient because it has no obligation to pay above the policy limits. However, accepting this argument would allow insurers to freely disregard the priority of payment rule. Insurers would be able to pick and choose which claims they pay and, if they did not comply there the priority of payment rule, there would be no consequences as long as the policy is exhausted before the arbitration. This would effectively render 11 NYCRR 65-3.15 moot.

Therefore, the master arbitrator's award was irrational, arbitrary and capricious, and lacked evidentiary support.

Accordingly, it is

ORDERED and ADJUDGED that the petition to vacate is granted; and it is further

ORDERED that a framed issue hearing as to whether the respondent properly exhausted the policy in compliance with 11 NYCRR 65-3.15 shall be held on January 15, 2025 at 11:00am.

| **10/11/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **RICHARD G. LATIN, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152186/2023   GALAXY RX, INC. vs. GEICO GENERAL INS. CO.**
  **Motion No.  001**

**Page 4 of 4**