■ PAUL SHORT, Respondent, v. DESCO SHOE CORPORATION et al., Appellants.— Order entered December 17, 1968, granting motion staying arbitration, reversed on the law, and motion denied, with $30 costs and disbursements to appellant. The reason assigned by Special Term for its action, to wit, the absence of " rules " is untenable. The agreement of the parties, dated June 21,

1966, called for arbitration and provided: " The arbitrator shall be designated by the National Shoe Manufacturers Association, Inc., 342 Madison Avenue, New York 17, New York, in accordance with the rules established by this association ". And according to the unrefuted affidavit of Merrill A. Watson, President of the Association from 1953 to 1968, Article III, Section 2(g) of the By-laws of the Association provides that one of the objectives of the Association was " To promote the arbitration of disputes." The affidavit further states: " In selecting Arbitrators to settle shoe industry disputes, we follow the following rules: a. The Arbitrator shall be selected by the National Footwear Manufacturers Association through its president or his designee." This affidavit declares that this was done in the case before us, " in accordance with the above standards which have been, to my knowledge, followed by the association for the past 15 years." These rules are definite and recognizable enough to " provide for a method of appointment of an arbitrator ", as required by CPLR 7504, and sufficient to preclude the necessity of a court appointed arbitrator. In contending the contrariety of this conclusion, the bare hearsay affidavit of one of the petitioner-respondent's attorneys, is not acceptable. (*Hitner* v. *Boutilier*, 67 Hun 203; *Leefe* v. *Public Serv. Mut. Ins. Co.*, 14 A D 2d 951; *Hurley* v. *Union Trust Co.*, 244 App. Div. 590; *Farragut Gardens No. 5* v. *Milrot*, 23 A D 2d 889.) Although it is questionable whether or not the petitioner-respondent has complied procedurally with the requirements of CPLR 7503 (subd. [c]), under the circumstances here prevailing, we do not reach this question. Concur — McGivern, Markewich, Nunez and Steuer, JJ.; Eager, J. P., dissents in part in the following memorandum. I conclude that it is improper to hold as a matter of law that the petitioner agreed to arbitration before an arbitrator designated in accordance with the alleged rules set forth in Mr. Watson's affidavit, and I would remand for a hearing. The agreement of the parties was that the arbitration should be held by an arbitrator designated in accordance with the rules " established " by the National Shoe Manufacturers Association. The record lacks conclusive evidentiary data showing that the association had established rules to cover arbitration of disputes in the particular industry. In fact, it appears that Mr. Harold R. Giblin, the secretary of the association, informed plaintiff's attorneys that the association " did not have any procedure for arbitration and had no rules for selection or designation of an arbitrator "; that he " knew of no rules to cover the situation ". There is an issue of fact to be resolved at a hearing. It is well settled, of course, that arbitration is a matter of contract; that, if it is alleged that a party agreed to an arbitration in accordance with the rules of a certain trade or other association, it must be shown that such rules existed at the time of the agreement so as to form a part thereof. Under the circumstances, a hearing should be held to determine whether the parties actually agreed to an arbitration before an arbitrator designated in accordance with the alleged rules set forth in Mr. Watson's affidavit. If not, then the appointment of an arbitrator by the court would be proper. (See *Matter of Laboratories Grossman, S. A.* [*Forest Labs.*], 31 A D 2d 628.)