■ RICHARD PEDDLE et al., Respondents-Appellants, v TURNER CONSTRUCTION Co., INC., Respondent, and Third-Party Plaintiff-Respondent. KURTZ STEEL CORP., Third-Party Defendant-Appellant-Respondent. — Judgment, Supreme Court, New York County (Graves, J.), entered April 26, 1982, awarding plaintiffs Richard Peddle and Anna Peddle the sums of $756,375 and $20,170, respectively, unanimously modified, on the law and the facts and in the exercise of discretion, without costs or disbursements, to reinstate the jury verdict in the sum of $919,067 as to plaintiff Richard Peddle, and to direct a new trial on damages only as to plaintiff Anna Peddle unless she stipulates to accept the verdict, as reduced, in the sum of $20,000 and, except as thus modified, affirmed. The trial court properly directed a verdict of liability predicated on a violation of subdivision 1 of section 240 of the Labor Law, on the basis of a record which showed without dispute that no safety devices were employed at the construction site where plaintiff Richard Peddle, a structural iron worker, was working when he fell from a narrow beam approximately 16 feet above the ground. (See *Kenny v Fuller Co.,* 87 AD2d 183.) The jury awarded the injured plaintiff $919,067 which the trial court, finding the award "somewhat excessive", reduced to $750,000. It also reduced the verdict on the wife's derivative cause of action from $91,667 to $20,000. In light of the disabling nature of the injuries and the actual and projected lost earnings, the $919,067 verdict was not excessive and should be reinstated. Moreover, since defendant and third-party defendant neither offered proof on the subject nor asked the court to take judicial notice of any facts that might bear on such calculation, they may not now challenge the award on the ground that the future earnings increment had not been reduced to present value. (*Caprara v Chrysler Corp.,* 52 NY2d 114, 126.) We agree that the evidence did not support a $91,667 verdict on the wife's derivative claim. Noteworthy is the lack of any evidence on loss of consortium. Since, however, the trial court failed to afford plaintiffs the option of a new trial on damages in the event they refused to stipulate to the reduction of the verdicts, the reduction in the case of the wife is modified only to the extent of giving her the choice either to accept the verdict as reduced or to retry the issue of damages only. Concur — Kupferman, J. P., Sandler, Sullivan, Bloom and Kassal, JJ.