In the Matter of the Arbitration between SAMMI LINE CO., LTD., Petitioner,

and

ALTAMAR NAVEGACION S.A., Owners of the M/S MARIA SITINAS, Respondent.

No. 84 CIV 9196 (LBS).

United States District Court, S.D. New York.

Feb. 20, 1985.

---

Healy & Baillie, New York City, for petitioner; Howard M. McCormack, New York City, of counsel.

Burlingham Underwood & Lord, New York City, for respondent; Joseph C. Smith, New York City, of counsel.

## OPINION

SAND, District Judge.

The sole issue presented by this petition to vacate an award entered after arbitration pursuant to a standard New York Produce Exchange arbitration clause [1] is the authority of the arbitrator to award attorneys' fees to the prevailing party. Petitioner preserved its right to object to such an award and seeks, pursuant to 9 U.S.C. § 10, to vacate so much of the second Partial Final Award issued on October 31, 1984 as awarded attorneys' fees incurred by Respondent in the arbitration proceeding in the amount of $12,000. The balance of the award has been paid.

Petitioner relies primarily on *Transvenezualian Shipping Company, S.A. v. Czarnikow-Rionda Co., Inc.*, 1982 AMC 1458 (S.D.N.Y.1981) and we believe that reliance is well founded. There, a dispute between the parties arising, as here, from a New York Produce Exchange form of time charter was referred to arbitration. The court held that the award granting attorneys' fees should be vacated as being beyond the scope of the arbitrator's authority.

Respondent seeks to distinguish *Transvenezualian* on the grounds that the parties in that case had not only agreed to

arbitrate but had entered into a submission agreement which provided:

The arbitrators shall have the discretion to order that such fees [of the arbitrators] and the expenses and costs of the arbitration shall be divided between the parties on any terms which appear just. 1982 AMC at 1459.

In vacating the award of attorneys' fees, Judge Carter reasoned that the terms "costs" and "expenses" as used in the submission agreement are not generally used to encompass attorneys' fees. Respondent argues that *Transvenezualian* is an interpretation, not of the arbitration clause, but rather of the submission agreement.

The argument fails because it would require one to view the quoted phrase of the *Transvenezualian* submission agreement as a restriction upon a power otherwise possessed by the arbitrators by virtue of the arbitration clause. But clearly the language of the submission agreement was intended to increase not diminish the power of the arbitrators.

Respondents further cite the deference appropriately paid by courts to arbitrators' determinations. But the scope of the arbitrator's authority is an issue subject to judicial review "and the reviewing court should not accept the arbitrator's conclusion as controlling." *Transvenezualian Shipping, supra*, 1982 AMC at 1460 and cases cited therein.

Respondents contend that:

"Because the parties did not expressly agree to exclude from arbitration any dispute as to fees, the panel was required to fashion proper relief upon submission of the issue."

Memorandum in Opposition to Petition to Vacate Arbitrator's Award, p. 9.

This contention reverses the appropriate burden. Since the traditional Ameri-

1. Paragraph 17 of the Time Charter Agreement approved by the New York Produce Exchange reads:

"That should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the

parties hereto and the third by the two so chosen, their decision or that of any two of them shall be final, and for the purpose of enforcing an award, this agreement may be made a rule of the court. The arbitrators shall be commercial men."

can rule is that attorneys' fees are generally not awarded, and the arbitrators may decide only issues submitted for arbitration, the burden is on respondent to demonstrate that an award of attorneys' fees was included within the scope of the arbitrable issues.[2]

 Respondent urges that petitioner's failure to object to the panel's unequal apportionment of arbitrator's fees is tantamount to a concession with respect to attorneys' fees. We reject this contention. First, arbitrators' fees are traditionally awarded and not infrequently divided unequally. Petitioner fully preserved its objection to the inclusion of an attorney fee award at all stages of the proceedings.

Finally, at oral argument Respondent asserted that numerous arbitration awards included attorneys' fees and pursuant to leave granted, has furnished copies of 23 such awards. In some instances, the fees awarded are for legal services to compel arbitration, not during the arbitration itself (a somewhat different issue); *but see Federal Commerce & Navigation Co. v. Associated Metals & Minerals Corp.*, 1979 AMC 1733 (S.D.N.Y.1978) (vacating an award of such fees in a subsequent arbitration)). It is not possible to determine from these examples how often the issue of the arbitrator's power to make such an award was disputed. It appears that in several such cases, both sides sought fees which conferred authority over the matter on the panel. In several instances, the question is simply not discussed. Nor can one establish from this submission the frequency of awards omitting attorneys' fees. Respondent cannot validly assert the existence of a custom so universal that the parties may be deemed to have agreed to arbitration with an understanding that attorneys' fees might be awarded. Indeed, the general understanding is to the contrary. Domke on Commercial Arbitration, § 43:01 (1984).

2. It may well be that the shipping industry as a whole or particular parties may prefer that attorneys' fees be awarded, consistent with the concept of making the prevailing party whole.

The petition to vacate the arbitration award is granted.

SO ORDERED.

All that is required to accomplish this result is, of course, a single additional sentence in the standard form, or in a rider, to make clear this intention.