■ In the Matter of JOHN H. OSSMAN, Respondent, v RICHARD J. OSSMAN, Appellant.—Judgment unanimously reversed on the law with costs, application denied and award vacated. Memorandum: The court erred in rejecting respondent's contention that the arbitrator was not impartial and in confirming the arbitrator's award. After the arbitration had begun but before the arbitrator issued his decision, respondent discovered that the arbitrator's firm had been retained by petitioner to perform personal accounting and tax work. The arbitrator refused respondent's request that he resign, and subsequently issued a decision in favor of petitioner. In confirming the arbitrator's award, the court held that respondent should have sought immediate removal from a court of proper jurisdiction once the arbitrator refused to resign, and that respondent waived the right to claim bias because he continued the arbitration with actual knowledge of the arbitrator's bias or conflict. We disagree. Although respondent could have moved earlier to disqualify the arbitrator *(see, Matter of Astoria Med. Group [Health Ins. Plan],* 11 NY2d 128, 132; *see also,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7511:1, at 578), there is no authority to support the court's holding that respondent waived his right to object by failing to move to disqualify the arbitrator before the award was issued. Reliance on *Matter of*

*Stevens & Co. (Rytex Corp.)* (34 NY2d 123, 128) is misplaced, because that case involved the prehearing failure to disclose a relationship; here, the arbitration process had commenced when respondent learned of petitioner's relationship with the arbitrator's firm.

Petitioner argues on appeal that his relationship with the arbitrator's firm does not require disqualification. We find that the fact that petitioner was a client of the arbitrator's firm, in conjunction with the fact that the arbitrator was corresponding with respondent's attorney on petitioner's behalf, creates more than the requisite inference of partiality *(see, Matter of City School Dist. [Oswego Classroom Teachers Assn.],* 100 AD2d 13, 17, *amended* 101 AD2d 1027; *cf., Matter of Cross Props. [Gimbel Bros.],* 15 AD2d 913, *affd* 12 NY2d 806).

We note in addition that the court erred in allowing the arbitrator, who conceded that he lacked standing, to participate in the proceedings. (Appeal from judgment of Supreme Court, Chautauqua County, Cass, Jr., J.—arbitration.) Present —Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.