■ In the Matter of PUBLIC EMPLOYEES FEDERATION, on Behalf of LIONEL DASRATH, Appellant. STATE OF NEW YORK, Respondent. [595 NYS2d 331] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated March 5, 1990, the petitioner Lionel Dasrath appeals from an order of the Supreme Court, Kings County (Spodek, J.) dated July 13, 1990,

which granted the cross motion of the respondent State of New York to dismiss the petition.

Ordered that the order is affirmed, with costs.

It is well established that where a party who has participated in arbitration seeks to vacate the award, vacatur may only be granted upon one of the grounds enumerated in CPLR 7511 (b) (1) *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Materia v Josephthal & Co.,* 133 AD2d 146). Since the petitioner failed to show that the arbitrator's award violated some strong public policy, was totally irrational, or exceeded the arbitrator's powers, the trial court properly dismissed the petition to vacate the award *(see, Matter of Silverman [Benmor Coats], supra; Matter of Albany County Sheriff's Local 775 [County of Albany],* 63 NY2d 654). Moreover, the petitioner failed to demonstrate by clear and convincing proof that the arbitrator engaged in misconduct or was biased against him *(see, Rose v Lowrey & Co.,* 181 AD2d 418; *Matter of Disston Co.,* 176 AD2d 679; *Matter of Sedlis,* 161 AD2d 288; *Matter of Sussco Exterior Sys. v Hercules Constr. Corp.,* 120 AD2d 532; *Matter of Wiener Furniture Co. v Kingston City Schools Consol.,* 90 AD2d 875). Since the petitioner failed to establish a basis for vacating the award, the petition to vacate the award was properly dismissed *(see, Matter of State Univ. v Young,* 170 AD2d 510, *cert denied* — US —, 113 S Ct 815; *Finley v Manhattan Dev. Ctr.,* 119 AD2d 425). Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.