■ GREATER MIAMI BASEBALL CLUB LIMITED PARTNERSHIP, Doing Business as THE MIAMI MIRACLE, Appellant, v NA-

TIONAL LEAGUE OF PROFESSIONAL BASEBALL CLUBS et al., Respondents. [598 NYS2d 183] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered November 10, 1992, which granted the defendants' motion to compel arbitration pursuant to CPLR 7503 (a), and the order of the same court and Justice, entered November 16, 1992, which denied the plaintiff's motion for, *inter alia,* a preliminary injunction restraining defendant Florida Marlins Baseball Limited ("the Marlins") from participating in the major league expansion draft previously scheduled, and from commencing an arbitration to determine the amount of "just and reasonable" compensation it is required to pay to the plaintiff pursuant to article IX of the Professional Baseball Agreement ("PBA"), unanimously affirmed, with costs.

The IAS Court properly compelled an arbitration proceeding between the parties in accordance with article IX of the PBA to determine the amount of "just and reasonable" compensation to be paid by the defendant to the plaintiff for acquiring plaintiff's baseball franchise territory in Miami, Florida, where, as here, the record reveals that the arbitrators, not the court, must decide the standard to be applied in evaluating the compensation to be paid under the PBA's broad arbitration clause *(see, Rio Algom v Sammi Steel Co.,* 168 AD2d 250, 251, *lv denied* 78 NY2d 853), where the plaintiff's challenge to the impartiality of the arbitration process is premature until the seventh "impartial" arbitrator has been selected in accordance with the explicit and unambiguous procedure agreed upon by the parties in article IX of the PBA *(Matter of Siegel [Lewis],* 40 NY2d 687), and where the defendants, by engaging in promotional and similar activities other than fielding their team in the plaintiff's territory during the baseball season have evidenced no clear intention to waive their right to arbitrate under article IX of the PBA *(see, Faberge Intl. v Di Pino,* 109 AD2d 235, 239; *compare, Bucci v McDermott,* 156 AD2d 328).

The IAS Court's ruling, compelling arbitration, is also consistent with the public policy of this State which strongly favors and encourages arbitration as a means of expediting the resolution of disputes and conserving judicial resources *(Szabados v Pepsi-Cola Bottling Co.,* 174 AD2d 342, 343).

Nor did the IAS Court err in denying the plaintiff's motion for injunctive relief seeking to enjoin the Marlins from occupying their Florida territory until that team had paid "just and reasonable" compensation since monetary harm, which

can be compensated by damages, does not constitute irreparable injury for which injunctive relief will be granted *(Matter of J.O.M. Corp. v Department of Health,* 173 AD2d 153).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Carro, J. P., Milonas, Wallach, Kassal and Nardelli, JJ.