■ In the Matter of the Arbitration between RALPH W. KERN et al., Respondents-Appellants, and 303 EAST 57TH STREET CORP., Respondent; and EXCELSIOR 57TH STREET, Appellant-Respondent. [611 NYS2d 547] —Order and judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered June 25, 1993, which, *inter alia,* granted the petitioners' motion to confirm an arbitration award setting the value of a certain parcel of land and denied the cross-motion of respondent-appellant Excelsior 57th Street to, *inter alia,* vacate the award, unanimously reversed, on the law and the facts, and said respondent-appellant's cross-motion is hereby granted insofar as to vacate the arbitration award; the order of the same court and Justice entered December 29, 1993 which, *inter alia,* granted petitioners' motion for summary judgment insofar as they sought back rent is accordingly reversed and vacated and the judgment of the same court and Justice entered January 4, 1994 awarding damages to the petitioners is vacated as well, with costs.

Petitioners are the ground lessors of the land occupied by the building owned by the respondent-appellant cooperative corporation Excelsior 57th Street. Pursuant to the ground lease the annual rent paid by the cooperative corporation during the period August 15, 1990 through August 14, 1998 was to be recalculated based on the then current appraised value of the land. The annual rent was to be the greater of $310,000 or 6% of said appraised value. It was further provided that if the parties could not agree on a value for the property the matter would be arbitrated by a tripartite panel. The panel was to consist of one arbiter selected by each of the parties and, if necessary, an "umpire", agreed upon by the two arbiters or appointed by the American Arbitration Association. The arbitration was to be conducted in accordance with CPLR article 75 with the award of the arbitrators being final and binding upon the parties.

It is not disputed that prior to summations in the arbitration proceeding, the "umpire" selected by the two named arbiters, received a communication from a nonparty representing Morgan Guaranty Trust Company of New York. The extent of the communication was that the individual had obtained the arbitrator's name from the law firm representing the petitioners in the matter here in question and that Morgan Guaranty Trust Company was considering an arbitrator and appraiser for an upcoming matter. Significantly, the "umpire" did not disclose this communication to the parties at any time prior to the issuance of the panel's determination on June 18, 1992. The decision of the panel setting a price favorable to the petitioner-lessors was split two to one, with the respondent-appellant's arbiter dissenting.

It has been stated that "[p]recisely because arbitration awards are subject to * * * judicial deference, it is imperative that the integrity of the process, as opposed to the correctness of the individual decision, be zealously safeguarded" *(Matter of Goldfinger v Lisker,* 68 NY2d 225, 230). The "basic, fundamental principles of justice require complete impartiality on the part of the arbitrator and mandate that the proceedings be conducted without any appearance of impropriety" *(Matter of Fischer [Queens Tel. Secretary],* 106 AD2d 314, 315-316 [Kassal, J., concurring]). The appearance of impropriety or partiality is sufficient to warrant vacatur of an award *(Matter of Goldfinger v Lisker, supra; Matter of Fischer [Queens Tel. Secretary], supra).* Furthermore, "[i]t is only necessary to demonstrate the potential for bias to find misconduct" *(Matter of Catalyst Waste-to-Energy Corp. [City of Long Beach],* 164 AD2d 817, 820, *lv dismissed* 76 NY2d 1017). Consequently, "it is incumbent upon an arbitrator to disclose any relationship which raises even a suggestion of possible bias" *(Matter of Weinrott [Carp],* 32 NY2d 190, 201).

The failure of the neutral "umpire" to disclose the existence and nature of the communication by Morgan Guaranty Trust Company representative raises, under the particular circumstances herein, a question of possible bias or partiality, since the "umpire's" name was referred to Morgan Guaranty by the petitioners' attorney well before the panel's deliberations had begun and this was made known to the "umpire". Consequently, the integrity of the process appears to have been compromised. The record demonstrates that communication between the "umpire" and Morgan Guaranty Trust Company did not become known to the respondents until after issuance

of the panel's determination, and in these circumstances at a minimum, it created an appearance of impropriety. Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Williams, JJ.