■ In the Matter of MARVIN NEIMAN et al., Appellants, v YEHUDA BACKER et al., Respondents. [621 NYS2d 653] —In a proceeding pursuant to CPLR article 75, *inter alia,* to confirm an arbitration award, the petitioners appeal, as limited by their brief, from (1) so much of a decision of the Supreme Court, Kings County (Yoswein, J.), dated September 24, 1992, as determined their cross motion to vacate or modify certain portions of the arbitration award dated May 10, 1991, as clarified by an amended award dated March 27, 1992, (2) so much of an order of the same court, dated January 4, 1993, entered upon the decision, as denied their cross motion to vacate or modify the amended arbitration award and confirming the award in its entirety, and (3) a judgment of the same court, dated February 24, 1993, which is in favor of Yehuda Backer and Sarah Fischman and against them in the principal sum of $40,000.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

This proceeding emanates from numerous disputes with respect to the management of BFN Realty Company (hereinafter the partnership), formed in 1986 upon the purchase, for $2,950,000, of a parcel of property known as 160 North Fourth Street in Greenpoint, Brooklyn, which is comprised of three buildings covering an area of nearly 133,000 square feet (hereinafter the premises). Pursuant to a partnership agreement drafted by Marvin Neiman (hereinafter the agreement), each of the respondents, Yehuda Backer and Sarah Fischman,

has a 25% interest in the partnership and owns 25% of the premises, while Helen Neiman has a 50% interest in the partnership and owns 50% of the premises.

In 1988, the partnership received an offer to purchase the property for $4,500,000. However, in light of, *inter alia,* Helen Neiman's continued refusal to approve the sale, the offer was ultimately withdrawn. Thereafter, the respondents sought arbitration with respect to their claims for, among other things, dissolution of the partnership, whereupon the appellants commenced the underlying proceeding to stay the arbitration. This Court ultimately granted the appellants' motion to stay the arbitration *(see, Matter of Neiman v Backer,* 167 AD2d 403).

Subsequent to that determination, the parties submitted all of their respective claims to a tripartite arbitration panel, including the respondents' claims for damages arising from Helen Neiman's failure to approve the $4,500,000 offer to purchase the premises, and for "tax damages", arising from, *inter alia,* an alleged undisclosed transfer of Helen Neiman's interest in the property. A majority of the arbitration panel determined, among other things, that the partnership "shall continue for a period of two years from the date of this decision, under the same terms and conditions as presently in existence", and that the respondents were entitled to $259,000 in "damages", representing one-half of the total "lost profits" in connection with the partnership's failure to accept the $4,500,000 offer, less one-half of the profits realized upon the sale of a portion of the premises. The arbitration panel denied the respondents' claim for "tax damages" without prejudice, on the basis that the parties had not submitted all relevant tax returns, and therefore, the panel could not render a final determination with respect to that claim.

Upon the the respondents' motion to, *inter alia,* confirm the award, the appellants cross-moved to vacate or modify the provisions thereof regarding the award of damages and the denial, without prejudice, of the respondents' tax damages claim. The appellants argued that the award of damages was irrational, and the denial of the respondents' tax damages claim without prejudice was improper, given the respondents' refusal to produce the relevant tax returns during the arbitration proceedings. The Supreme Court, *inter alia,* denied the respondents' cross motion, and confirmed the award.

It is well settled that a party to an arbitration may seek to vacate all or part of an arbitration award on the ground, *inter*

*alia,* that an arbitrator exceeded his power or so imperfectly executed that power that a final and definite award upon the subject matter submitted was not made *(see,* CPLR 7511 [b] [1] [iii]). However, an arbitration award, or specified provisions thereof, will not be vacated unless the award or the provision in question is totally irrational, exceeds a specifically enumerated limitation on the arbitrators' power, or is violative of a strong public policy *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299; *see also, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907; *Matter of Sprinzen [Nomberg],* 46 NY2d 623; *see, e.g., Matter of Board of Educ. v North Babylon Teachers' Org.,* 155 AD2d 599).

In this case, the arbitrators' award did not exceed any specifically enumerated limitations on their power, and was not violative of any strong public policy. Moreover, contrary to the appellants' contentions it cannot be said that the award was completely irrational.

Additionally, we find that the Supreme Court properly confirmed the arbitrators' denial of the respondents' tax damage claim without prejudice to any action they might take in a future proceeding *(see, Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 348).

We have considered the appellants' remaining contentions and find them to be without merit.

Accordingly, the judgment of the Supreme Court is affirmed. Miller, J. P., Joy, Krausman and Goldstein, JJ., concur.