■ MARTHAN EQUITIES, INC., et al., Appellants, v P. M. REALTY MANAGEMENT CORPORATION et al., Respondents. [628 NYS2d 678] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered August 30, 1993, which denied petitioners' motion to confirm an arbitration award and granted respondents' cross motion to vacate the award, affirmed, with costs.

The IAS Court correctly held that it was misconduct within the meaning of CPLR 7511 (b) (1) (i), requiring vacatur of the award, for the two remaining arbitrators to continue receiving proof, over respondents' objection, after the third had with-

drawn (*Matter of New York Tel. Co. [Pennsylvania Gen. Ins. Co.]*, 87 AD2d 956). CPLR 7506 (e) provides that even though a majority is sufficient to determine a question or render an award, the hearing itself "shall be conducted by *all* the arbitrators" (emphasis added). This requirement may be waived only by consent of the parties (CPLR 7506 [f]), and it is undisputed that respondents vigorously objected to any continuation of the hearing without substitution of a third arbitrator. This is a time-honored rule (*Matter of Bullard [Grace Co.]*, 240 NY 388) to which we have indicated, in unambiguous dicta, our firm adherence (*Artie Shaw Presents v Snyder*, 46 AD2d 867, 868), the rationale being that the parties are entitled to a full discussion of the issues in order that each arbitrator have the benefit of hearing the views and opinions of his fellow arbitrators. Only where the matter has already been "heard, considered and practically decided" is the necessity for filling the vacancy obviated (*Matter of American Eagle Fire Ins. Co. [New Jersey Ins. Co.]*, 240 NY 398, 409), and the record reveals that this arbitration had clearly not yet reached that stage when the third arbitrator withdrew.

There are several reasons why the dissent's reliance upon the Rules of the American Arbitration Association is misplaced. As a threshold matter, petitioners did not raise this argument before the motion court; since the point has not been preserved, we must decline to consider it (*First Intl. Bank v Blankstein & Son*, 59 NY2d 436, 447; *Peddle v Turner Constr. Co.*, 92 AD2d 530). It was improper for petitioners to include a copy of the Rules as part of the record on appeal, since it was never presented to the IAS Court (*Norgauer v Norgauer*, 126 AD2d 957, 958).

Even were we to ignore this basic rule of appellate practice, the argument must fail on the merits. The dissent has quoted the relevant arbitration clause contained in paragraph 12 of the parties' contract. Significantly, these parties did not bind themselves to the Rules, a reference commonly found in arbitration clauses which is wholly missing here. In the absence of contractual adherence to these Rules, we may confidently conclude that these parties contracted with reference to the otherwise prevailing law of this State. Assuming any conflict between these authorities, it is the law which must prevail. Concur—Rosenberger, J. P., Wallach, Ross and Williams, JJ.

Kupferman, J., dissents in a memorandum, as follows. I would reverse and confirm the arbitration award.

The parties had an agreement concerning the purchase and

management of residential real estate. When a dispute arose between them they agreed to submit the matter to arbitration, pursuant to the provision in their agreement, which reads as follows: "The parties hereto agree that in the event of a dispute under this Agreement which they cannot resolve between themselves, same shall be submitted to the AMERICAN ARBITRA-TION ASSOCIATION for resolution. The parties agree that they will abide by the decision of the AMERICAN ARBITRATION AS-SOCIATION as if it were a decree rendered by a court of competent jurisdiction, which decision shall be final and absolutely binding upon the parties hereto."

It will be noted that there is no provision as to the number of arbitrators and that the matter is left in the hands of the American Arbitration Association.

After a number of hearings, one of the arbitrators recused himself due to an unrelated matter. The two remaining arbitrators determined to proceed. The respondents moved for a stay of the proceedings if an appointment of a third arbitrator was not made, which relief was denied by the court on the ground that the court's power was limited to stay arbitrations before they had begun or to vacating the award after they had concluded.

The two remaining arbitrators found for the petitioners, who then moved to confirm the award while the respondents cross-moved to vacate, which cross-motion was granted by the IAS Court, which determined that proceeding in the absence of a third arbitrator constituted misconduct under CPLR 7511 (b) (1) (i).

In my opinion this was error. It is the Rules of the American Arbitration Association which control such a situation and there is no provision in the parties' agreement to the contrary. Under the Rules, where, as here, a vacancy occurs in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrators may continue the hearing and determination of the controversy unless the parties agree otherwise, which is not the case here. Likewise, the Rules also provide that decisions must be by a majority of the arbitration panel. Here, the two remaining arbitrators agreed on the result. Accordingly, the Rules having been complied with, the arbitration award should be confirmed.