■ In the Matter of 645 FIRST AVENUE MANHATTAN Co., Appellant, v KALISCH-JARCHO, INC., Respondent. [631 NYS2d 937] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Lonschein, J.), dated December 16, 1993, as denied the petition, granted the respondent's cross motion to confirm the award, and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

An arbitrator's award will not be vacated, "even though the court concludes that his interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumer-

ated limitation on his power" *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308; *see, Matter of Neiman v Backer,* 211 AD2d 721). The award here was not irrational, it did not violate any public policy, and it did not exceed a specifically enumerated limitation on the arbitrators' power.

Contrary to the petitioner's contention, the arbitrators did not exceed their authority in rendering their award. The "no damages for delay" clause, the basis for the petitioner's contention, did not limit the powers of the arbitrators, and its application, if any, to the dispute herein was properly a matter for the arbitrators *(see, Matter of Silverman [Benmor Coats], supra; Matter of Neiman v Backer, supra; Pearlman v Pearlman,* 169 AD2d 825).

Moreover, the petitioner has failed to demonstrate by clear and convincing proof that the arbitrators were biased against him or engaged in misconduct *(see, Matter of Public Empls. Fedn. [Dasrath],* 191 AD2d 569; *Rose v Lowrey & Co.,* 181 AD2d 418; *Matter of Smith Contr. v Stahl,* 162 AD2d 688). Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.