In the Matter of LEONARD BERNSTEIN et al., Respondents, v ON-LINE SOFTWARE INTERNATIONAL, INC., et al., Appellants. [648 NYS2d 602] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered May 8, 1996, which, *inter alia*, granted petitioners' motion to confirm the arbitration award, awarded petitioners $12,087,631.36 in damages and fees, directed that respondents return the product known as DataVantage to petitioners, and directed respondents to comply with the directives of a neutral third party appointed by the arbitrators to oversee the process of the return of DataVantage, unanimously affirmed, with costs.

The arbitrators, all neutral, properly continued with the damages phase of the arbitration proceedings after the resignation of one of the arbitrators, since the rules of the arbitral

forum, specifically rule 20 of the Rules of the American Arbitration Association (AAA), permit the remaining arbitrators to continue after a vacancy "unless the parties agree otherwise." We note that unlike *Marthan Equities v P. M. Realty Mgt. Corp.* (216 AD2d 180), the parties in this case specifically bound themselves to conduct the arbitration proceeding in accordance with the AAA Rules.

Nor are we convinced that, by agreeing to submit the dispute to a "tribunal of (3) three arbitrators", the parties agreed, within the meaning of rule 20, that the proceeding could not continue before two arbitrators. While the agreement clearly required submission to three arbitrators, it was silent on the question of what procedure should be followed if a vacancy occurs. Since rule 20 specifically addresses this issue, since the arbitration clause broadly referred "any controversy" to the arbitrators (*see, PaineWebber Inc. v Bybyk*, 81 F3d 1193, 1199), and since the incorporated AAA Rules are properly the subject of interpretation by the arbitrators, we conclude that the IAS Court properly found no arbitrator misconduct justifying vacatur of the award.

Respondents further contend that the arbitration panel made several erroneous procedural rulings which deprived them of a fair hearing. Each of these alleged errors must be viewed in light of the accepted principle that mere errors of fact or law are generally insufficient to vacate an arbitration award, unless such ruling is totally irrational or in violation of public policy (*see, Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154). First, the panel's order prohibiting each party from contacting the opposing party's witnesses without their consent was initially not objected to by respondents, and in any event, did not constitute an absolute bar. Respondents were free to interview the witnesses prior to their appearing on petitioners' witness list, and were equally permitted to call them after their testimony on petitioners' case. The panel also issued a confidentiality order with respect to certain subpoenaed material obtained from a competitor in the computer software industry, which restricted access to the material to outside counsel and the experts retained by the parties. Such "attorneys eyes only" orders have been upheld in order to protect the confidentiality of trade secrets obtained in the course of discovery (*see, Brown Bag Software v Symantec Corp.*, 960 F2d 1465, *cert denied sub nom. BB Asset Mgt. v Symantec Corp.*, 506 US 869), and we find that the arbitral order was not improper here. Next, respondents contend that the court improperly admitted material of the competitor on petitioners'

damages case, without authenticating testimony. It is well established, however, that arbitrators are not bound by the rules of evidence and may admit or deny exhibits on an equitable basis (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). Here, the panel Chairman recognized that the material was of questionable value and contained inaccuracies, yet decided to admit it for "what it's worth". There is no evidence in the record to support respondents' claim that the panel placed undue emphasis on this evidence in arriving at the damages award.

Nor do we find that the arbitrators improperly delegated their authority when they appointed a neutral third party to oversee the return of the product to petitioners. The award was final and definite within the meaning of CPLR 7511 (b) (1) (iii) (*see, Matter of Meisels v Uhr*, 79 NY2d 526, 536). Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.