■ In the Matter of CHAIM LABENSKI, Respondent, v ELLI KRAIZBERG, Appellant. [651 NYS2d 62] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from (1) an order of the Supreme Court, Rockland

County (Rudolph, J.), dated February 23, 1995, which granted the petitioner's motion to confirm the award and denied the appellant's cross motion to vacate the award, and (2) an order of the same court, dated June 29, 1995, which denied the appellant's motion, denominated as one for renewal and reargument, but which was, in effect, one for reargument of his cross motion to vacate the award.

Ordered that the order dated February 23, 1995, is affirmed; and it is further,

Ordered that the appeal from the order dated June 29, 1995, is dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court did not err in confirming the arbitrator's award since the appellant failed to prove that the arbitrator was prejudiced. The mere fact that the arbitrator had previously represented parties opposed to the appellant in a different arbitration proceeding involving some of the same properties is insufficient to permit an inference of prejudice where the parties had explicitly chosen the arbitrator in question, and the representation was known to the appellant prior to the commencement of the arbitration in the matter at bar *(see, Milliken & Co. v Tiffany Loungewear,* 99 AD2d 993, 995; *see also, Matter of Siegel,* 40 NY2d 687).

The denial of the appellant's motion denominated as one for renewal and reargument was not based upon new facts which were unavailable at the time his cross motion to vacate the award was made, and it is therefore actually a motion to reargue, the denial of which is not appealable *(see, Paulus v Kuchler,* 214 AD2d 608; *Huttner v McDaid,* 151 AD2d 547; *Mgrditchian v Donato,* 141 AD2d 513). Mangano, P. J., Miller, Sullivan and Florio, JJ., concur.