■ VELEZ ORGANIZATION, Appellant, v J.C. CONTRACTING CORP., Respondent. [734 NYS2d 164] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered October 31, 2000, which, *inter alia*, denied the petition to vacate the arbitration award against petitioner and confirmed said award in all respects, unanimously reversed, on the law, with costs, the judgment vacated, the petition granted and the matter

remanded for a new arbitration before a new panel of arbitrators.

The commercial bribery conviction of one of the members of the three-person panel of arbitrators, which occurred during the course of the subject arbitration and which was not disclosed to the parties, in and of itself warrants the vacatur of the arbitrators' award and a remand for a new arbitration before a new panel of arbitrators (*see, Matter of Kern v 303 E. 57th St. Corp.*, 204 AD2d 152, 153, *lv denied* 84 NY2d 810).

The nature of the conviction established corruption on the part of the arbitrator in question and placed serious doubt on his ability to act impartially and fairly. Moreover, such conduct tainted the integrity of the arbitration process and created an appearance of impropriety. "Precisely because arbitration awards are subject to such judicial deference, it is imperative that the integrity of the process, as opposed to the correctness of the individual decision, be zealously safeguarded" (*Matter of Goldfinger v Lisker*, 68 NY2d 225, 231).

We have not considered petitioner's other point regarding respondent's "corporate existence," which was improperly raised for the first time in its reply papers in Supreme Court. Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Marlow, JJ.