20-3216(L)
Yosef Magid, Jacob Rottenberg v. Ari Waldman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of February, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             MYRNA PÉREZ,
                     *Circuit Judges*.

_____

YOSEF MAGID, JACOB ROTTENBERG,

     *Petitioners-Appellees-Cross-Appellants*,

     v.                                                      20-3216(L);
                                                          20-3319(XAP)

ARI WALDMAN,

     *Respondent-Appellant-Cross-Appellee*.

_____

| | |
|---|---|
| Appearing for Appellant-Cross-Appellee: | Scott T. Horn, Mischel & Horn, P.C., New York, N.Y. |
| | Yair M. Bruck (*on the brief*), Brooklyn, N.Y. |
| Appearing for Appellees-Cross-Appellants: | Shalom D. Stone, Stone Conroy LLC, Florham Park, N.J. |
| | Maurice I. Rosenberg (*on the brief*), Lakewood, N.J. |

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Ari Waldman appeals from the August 26, 2020 judgment of the United States District Court for the Southern District of New York (Furman, *J.*) granting in part Yosef Magid and Jacob Rottenberg's ("Petitioners") petition to confirm an arbitration award. Petitioners cross-appeal, challenging the order's vacatur of the arbitrator's award of attorneys' fees. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and we review any findings of fact for clear error." *A&A Maint. Enter., Inc. v. Ramnarain*, 982 F.3d 864, 868 (2d Cir. 2020) (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003)). Although the parties disagree about whether federal or state law applies to this case, the standards provided by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. and Article 75 of the New York Civil Practice Law and Rule ("NY CPLR") are similar. *Cf. Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 589 n.7 (2008) ("The text of the FAA was based upon that of New York's arbitration statute.").

Waldman argues that the district court erred in refusing to vacate the arbitration award on grounds of partiality. A party moving to vacate an arbitration award bears a "very high" burden. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). Under the FAA, "[e]vident partiality may be found only where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Scandinavian Reins. Co. Ltd. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 64 (2d Cir. 2012) (citation and internal quotation marks omitted). And to warrant vacatur under the NY CPLR, "it must be shown that the arbitrator and the party or witness have some ongoing relationship" and that the losing party suffered "prejudice to its rights as a result." *Henry Quentzel Plumbing Supply Co. v. Quentzel*, 598 N.Y.S.2d 23, 24 (2d Dep't 1993).

We agree with the district court that it is not clear the arbitrator's relationship to Petitioners "crossed the line." *Magid v. Waldman*, No. 19-CV-11516 (JMF), 2020 WL 4891218, at *4 (S.D.N.Y. Aug. 19, 2020). Here, the arbitrator's law clerk, Rabbi Gavriel Stern, was the father-in-law of one of the Petitioners' brothers and the arbitrator had a separate business relationship with Stern. These relations are far more attenuated than situations where this Court and New York courts have vacated awards for evident partiality. *See, e.g.*, *Morelite Const. Corp. v. N.Y.C. Dist. Council Carpenters Benefit Funds*, 748 F.2d 79, 85 (2d Cir. 1984) (holding that a father-son relationship between a party and the arbitrator would be impermissible, but "a list of familial or other relationships that will result in the *per se* vacation of an arbitration award . . . would most likely be very short"); *Beth Jacob Tchrs. Seminary Inc. v. Beis Chinuch Le'Bunos-Bas Melech*, No. 12218/08, 2009 WL 782549, at *3 (N.Y. Sup. Ct. Mar. 24, 2009) (vacating an arbitration award where the arbitration court's clerk was married to an employee of a party).

Even assuming Waldman established the arbitrator's partiality, we agree with the district court that he waived his objection. "Where a party has knowledge of facts possibly indicating bias or partiality on the part of an arbitrator he cannot remain silent and later object to the award of the arbitrators on that ground. His silence constitutes a waiver of the objection." *AAOT Foreign Ec. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 139 F.3d 980, 982 (2d Cir. 1998) (internal quotation marks and citation omitted); *accord J.P. Stevens & Co. v. Rytex Corp.*, 34 N.Y.2d 123, 129 (N.Y. 1974) ("If a party goes forward with arbitration, having actual knowledge of the arbitrator's bias, or of facts that reasonably should have prompted further, limited inquiry, it may not later claim bias based upon the failure to disclose such facts."). Waldman conceded that he was aware of all the relevant facts involving the arbitrator no later than August 27, 2019. A week later, he sent the arbitrator his summation statement. Two weeks after that, he asked the arbitrator to confirm he received the summation statement and provide an update on the status of the arbitration. As the district court found, the evidence demonstrates that Waldman decided to go "forward with arbitration, having actual knowledge of the arbitrator's [alleged] bias, or of facts that reasonably should have prompted further, limited inquiry." *J.P. Stevens & Co.*, 34 N.Y.2d at 129; *cf. Ossman v. Ossman*, 560 N.Y.S.2d 557, 558 (4th Dep't 1990) (vacating an arbitration award on the ground of partiality where the objecting party had explicitly asked the arbitrator to resign before he issued the award).

Petitioners cross-appeal to contest the district court's decision vacating that portion of the arbitration award granting them attorneys' fees for subsequent enforcement proceedings. Under the traditional American rule, "attorneys' fees are generally not awarded, and the arbitrators may decide only issues submitted for arbitration." *Sammi Line Co., Ltd. v. Altamar Navegacion S.A.*, 605 F. Supp. 72, 73-74 (S.D.N.Y. 1985). "The burden is on [the party seeking fees] to demonstrate that an award of attorneys' fees was included within the scope of the arbitrable issues." *Id.*; *see also Hooper Assocs., Ltd. v. AGS Computs., Inc.*, 74 N.Y.2d 487, 491 (N.Y. 1989) ("Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule."). In the absence of an explicit agreement regarding fees, the arbitrator's award of fees requires a finding of bad faith. *See, e.g., ReliaStar Life Ins. Co. v. EMC Nat'l Life Co.*, 564 F.3d 81, 88-89 (2d Cir. 2009) (holding that the "exception" to the American rule for "bad-faith conduct" applied to arbitration because the "agreement . . . conferred broad authority on the arbitrators").

Here, the arbitrator clearly did not make a finding of bad faith, and Petitioners do not attempt to argue that he did. Petitioners' argument that the arbitrator had the actual authority to award fees for subsequent enforcement proceedings because Waldman asked for fees during the arbitration proceedings is unavailing. There is no evidence that Waldman requested fees for subsequent enforcement proceedings in federal court as opposed to the arbitration proceedings. Additionally, Petitioners fail to cite any authority from this Circuit for the proposition that in requesting fees for the arbitration, Waldman consented to the award of fees for enforcement proceedings *after* the arbitration. Petitioners' only authority is a case from the Eighth Circuit holding that when a contract to arbitrate does not authorize an award of attorneys' fees incurred in the arbitration itself, it also does not authorize an award of attorneys' fees incurred in enforcing or defending the award. *See Brown v. Brown-Thill*, 762 F.3d 814, 826 (8th Cir. 2014).

We agree with the district court that the arbitrator exceeded his authority by awarding Petitioners attorneys' fees for these enforcement proceedings.

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear their own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk